UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CITY OF ALVIN, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-0458 |
| | § | |
| COMCAST OF HOUSTON LLC, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Before the Court is the defendant's, Comcast of Houston, LLC, ("Comcast") motion for partial dismissal of the plaintiffs', the Cities of Alvin, Dickinson, Friendswood, Galveston, Humble, Jersey Village, LaMarque, Lake Jackson, League City, Pearland, Rosenberg, Santa Fe and Texas City ('the Cities") claims for relief. The Cities filed a joint response and the motion is properly before the Court. After a careful review of the pleadings, the motion and response and the arguments of counsel for Comcast and the Cities, received in open Court, the Court determines that the motion should be granted.

**I.**

The dispute between the Cities and Comcast centers on the proper interpretation of federal, state and local laws governing the allocation of cable fee revenues collected by Comcast from customers to be paid to the Cities as franchise fees. In this regard, the Cities assert claims against Comcast, for an accounting, for Money-Had-And-Received and for a declaratory judgment. Each of these claims is addressed, in turn.

## A.

The Court is of the opinion that the Cities claim that Comcast provide an accounting of its revenues is unsupported by the statutes. The factual basis for this request rests in the fact that the Cities, while asserting that portions of "cable service revenue" have not been paid in accordance with the Franchise Agreement between the parties seek an Order directing Comcast to prepare an accounting of its revenues. However, this request is not based on a claim that Comcast has knowingly withheld revenues due under the Franchise Agreement. Instead, the claim is based on the Cities' view that Comcast has not paid according to the definition of franchise fees as defined by the statute. *See* Chapter 66, Tax Util. Code § 66.002(6)(B)(iv). It appears that the question of whether an accounting is appropriate rests in the determination of whether the method utilized by Comcast generates an appropriate franchise fee. Hence, the Cities claim, as a threshold matter, rests in the interpretation of the statutes and must be denied.

Nevertheless, it would be premature to dismiss the Cities suit simply because an accounting is premature since the true issue is whether Comcast's method for determining what constitutes "gross revenue" from cable services is flawed or invalid under the terms of the Agreement or the Act and regulation. Therefore, while the Court dismisses the Cities' claim that Comcast perform an accounting, pursuant to Rule 12(b)(6), a plausible claim for unpaid fees exists within the context of the parties' Agreement. The Cities request for an accounting is Denied without prejudice.

The Cities also assert a claim against Comcast for "Money Had And Received". In order to sustain this common law cause of action, the plaintiff must establish that

Comcast holds money that the Cities claim, and that in equity and good conscience belongs to the Cities. *See Staats v. Miller*, 243 S.W.2d 686 (Tex. 1951). Whether Comcast holds money belonging to the Cities is the dispute.

The pleadings establish that the contractual relationship out of which the Cities make their claim is subject to federal and state statutes and regulations that govern the relationship between the parties. This relationship is not established by the usual and customary back-and-forth exchange that is common to non-governmentally regulated agreements. It appears that the purpose of the common law concept of money had and received is to bridge a gap in relief where identifiable funds are held by one party against another. The key is that the claim arises in equity, not law. A common law claim for Money Had And Received, in this context of this suit, assumes that the Cities are entitled to relief that falls outside the boundaries of the express contract and regulations that governs the Agreement. Here, an express contract exists, and the issue is whether Comcast owes the Cities unpaid franchise fees.

The Cities assert that they have not found a court decision that bars a Money-Had-And-Received claim, therefore, Comcast's motion to dismiss is without merit. Be that as it may, an express contract preempts claims in equity except to fulfill the intentions of the parties. *See Berry v. Indianapolis Life Ins. Co.,* 600 F.Supp. 2d 805, 827 (N.D. Tex. 2009); *see also* Tex. Util. Code § 66.005(b) (note). The intentions of the parties are expressed in the Agreement and are regulated by state and federal law. Therefore, the Cities' claim for relief under the common law concept of Money Hand And Received is dismissed.

The Cities also seek a declaratory judgment under the Declaratory Judgment Act [28 U.S.C. §§ 2201, 2202]. It, too, fails because such a claim would be duplicative of any claim that can be asserted by the Cities' under the Franchise Agreement. The Cities assert that Comcast's method for determining revenues owed to Cities is flawed. That is the very issue to be decided. To the extent that any future relief is appropriate, it is determined by the resolution of this dispute.

Therefore, the Court holds that the Cities' claim for declaratory relief under the Act is supplanted by the Cities' law claim asserting that Comcast failed to properly calculate and pay the franchise fees owed to the Cities.

It is so Ordered.

SIGNED on this 22nd day of May, 2019.

_____
Kenneth M. Hoyt
United States District Judge